CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

October 20, 2025

LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **AGENCY INSURANCE COMPANY OF MARYLAND, INC.** ) ) ) | |
| Petitioner, ) | Civil Action No. 7:25cv363 |
| v. ) ) | |
| **CAMELA GATHERCOLE, et al.,** ) ) | By: Hon. Robert S. Ballou |
| Respondents. ) | United States District Judge |

## MEMORANDUM OPINION

This is a declaratory judgment action to determine what coverage, if any, Agency Insurance Company of Maryland, Inc. ("AIC") provides for punitive damages under the automobile policy it issued for uninsured or underinsured motorist coverage involving personal injury or property claims. Because this is a minimum limits policy providing a maximum of $25,000 in coverage for personal injury claims and a like amount for property damage claims, the object of the litigation does not exceed $75,000 and is insufficient to confer diversity-based subject matter jurisdiction. The Court, therefore, lacks subject matter jurisdiction, and I dismiss the action without prejudice.

### I.      Background

AIC brought this action to determine the extent of uninsured and underinsured motorist coverage under its policy. The Amended Petition for Declaratory Judgment describes an accident which occurred in South Carolina when the golf cart in which A.R., a minor, was riding was struck by Terry Taylor. A.R. suffered serious personal injuries in this accident. Dkt. 10, ¶ 10. She was an insured under an automobile liability insurance policy issued by AIC which provided uninsured and underinsured motorist coverage for personal injuries of $25,000 per

person/$50,000 per accident and property coverage of $25,000 per accident. *See* Policy Dkt. 10-3, Dkt. 10 ¶ 13.

AIC alleges that Camela Gathercole, A.R.'s mother, filed suit in South Carolina individually and as next friend of A.R., seeking both compensatory and punitive damages for A.R.'s injuries. Dkt. 10 ¶ 14, Dkt. 10-2. She seeks $25,000 underinsured motorist coverage for her personal injury claim and payment of $25,000 under the under the underinsured motorist property coverage for her punitive damages claim. *Id.*; Dkt. 14-3. Gathercole, individually and as next friend of A.R., has also filed a direct action in South Carolina against AIC alleging a claim for breach of contract for failure to pay the property damage underinsured motorist coverage and also that AIC's failure to pay its coverage "was without just cause and bad faith." Dkt. 10 ¶ 18, Dkt. 10-4.

AIC brought this declaratory judgment action to determine the scope of the coverage under its policy. The justiciable controversy as described by AIC is whether the punitive damages sought on behalf of A.R. are covered under either the personal injury or property damage portions of the underinsured motorist coverage. Specifically, AIC asks that the court declare "that the Policy does not provide property damage UM/UIM Coverage for bodily injury claims – and specifically not for [A.R.'s] bodily injury/punitive damages claim seeking the property damage portion of the UM/UIM Coverage – and that coverage maybe properly denied on that basis."

## II. Jurisdiction

The Declaratory Judgment Act is not an independent source of jurisdiction, it does not confer federal subject matter jurisdiction over an action otherwise outside of the federal court's original jurisdiction.[1] 28 U.S.C § 2201 (under the Declaratory Judgment Act, "[i]n a case of

---

[1] Further, even when diversity jurisdiction exists, the court has discretion to decide

actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration"). As a court of limited jurisdiction, this court may only hear civil cases with a federal question or diversity jurisdiction. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. §§ 1331, 1332. "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Exxon Mobile Corp.,* 545 U.S. at 552.

It is AIC's burden to establish federal jurisdiction, as the party seeking to litigate in federal court. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189 (1936). AIC alleges diversity jurisdiction under 28 U.S.C. § 1332, writing:

> AIC seeks a declaration of the applicability of provisions of an insurance policy, the denial of which has prompted a bad faith claim between the parties. The coverage at issue and the resultant bad faith claim are together well in excess of $75,000.[2]

Dkt. 10, ¶ 8. In a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, (1977); *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) ("the test for determining the amount in controversy in a diversity proceeding is the pecuniary result to either party which [a] judgment would produce") (quotation omitted). Importantly, the coverage at issue in this lawsuit is $25,000 for A.R.'s personal injury claim and $25,000 under the property coverage.

---

whether to exercise jurisdiction under the Declaratory Judgment Act. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). In *Trustgard Ins. Co. v. Collins*, the Fourth Circuit recognized that "in declaratory judgment actions, courts must consider whether 'federalism, efficiency, and comity' counsel against exercising jurisdiction when an ongoing proceeding in state court overlaps with the federal case." 942 F.3d 195, 201 (4th Cir. 2019).

[2] AIC also alleges that complete diversity exists between the parties, as petitioner is a Maryland Corporation with a principal office in Hanover, Maryland, and respondents are residents of Virginia and South Carolina. Dkt. 10, ¶¶ 3-8.

Those coverages alone are not sufficient to confer diversity jurisdiction, which requires an amount in controversy of more than $75,000. 28 U.S.C. § 1332. AIC asks the court to determine the applicable coverage, not any bad faith claim. That means the amount in controversy here is at most $50,000–$25,000 under the uninsured motorist coverage for personal injury claims and $25,000 under the uninsured motorist coverage for property damage claims.[3]

AIC attempts to create jurisdiction by grafting the value of the bad faith claim in South Carolina to its declaratory judgment action here, but that bad faith claim is not before this court. The Amended Petition for Declaratory Judgment asks the court to "declare specifically that the [insurance p]olicy does not provide property damage UM/UIM Coverage for bodily injury claims–and specifically not for Respondent's bodily injury/punitive damages claim seeking the property damage portion of the UM/UIM Coverage–and that coverage may be properly denied on that basis." Dkt. 10. That is not a request to rule on the issue of bad faith, it is a request to rule on the issue of coverage under the policy. AIC reiterates this position in its response in opposition to the motion to dismiss stating that "the issue and amount of bad faith damages are not part of the relief requested in the Amended Complaint and are not before the Court." Dkt. 20, n. 1. AIC states clearly that "[t]he only issue before the Court is the request for a judicial declaration as to coverage under the Policy."[4] *Id.* Thus, the amount of any bad faith claim against AIC is not relevant to the amount in controversy in this insurance coverage action.

---

[3] The Court makes no determination of whether the AIC policy covers punitive damages sought under the property damage coverages.

[4] To the extent that AIC makes a contrary statement in its supplemental briefing on jurisdiction, petitioner cannot cure a defect or otherwise amend its complaint through briefing. *So. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.").

Here, "the value of the object of the litigation," i.e. the value of determining the applicability of AIC's insurance policy, is no more than the policy limits – an amount less than $75,000. As explained in *Allstate Ins. Co. v. Brown*, "If there is one situation where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability." 736 F. Supp. 705, 707 (W.D. Va. 1990) quoting *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 64 (5th Cir. 1959). Generally, "where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy." *Id.* The compensatory and punitive damages which A.R. seeks in South Carolina and the bad faith claim against AIC may well exceed $75,000, but those claims, and the damages sought in those claims cannot increase the amount in controversy here beyond the insurance policy limits.

### III.     Conclusion

Accordingly, because AIC has not met the amount in controversy requirement for diversity jurisdiction, this case is dismissed without prejudice and without leave to amend. A separate order will follow.[5]

Entered:  October 20, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[5] Because the court lacks jurisdiction, it does not address the arguments in the Motion for Judgment on the Pleadings.